### PEDRO AVOGADRO and wife *v.* OLE BULL.

A husband may sue for services rendered by his wife; but *it seems,* that where such services were performed in pursuance of a contract made directly with her, it is optional with him to join her with himself as a party plaintiff.

The husband cannot sustain a joint action in the name of himself and wife, for both her services and his own.

An objection to such misjoinder in an action so brought, should, however, be taken at the trial.

A nonjoinder of defendants in the lower courts must be set up in the pleadings.

Variance between the summons as served and returned, in the district courts, should be objected to before issue joined.

Avogadro *v.* Bull.

Six jurors may try a cause in those courts. (2 Rev. Laws, 374, § 95; Session Laws of 1857, vol. 1, p. 717, chap. 344, § 34.)

ACTION by a husband and wife, jointly, for services performed by the former as an orchestral performer, and by the latter as a singer at the Italian opera, conducted by the defendant. Judgment was rendered for the plaintiff by the justice of the fourth district.

*Lucius E. Bulkley*, for the defendant.

*Edward M. Boole*, for the plaintiff.

DALY, J.—Six jurors were properly empannelled under the statute for the trial of the cause. (2 Rev. Laws, 374, § 95.) (*a*)

If there was any variance between the summons as served and as returned, the objection should have been made before the joining of issue, and nothing appears by the return to show that there was such a variance. An express contract of hiring was proved by Maretzek, the terms of it, and that he had authority to make it for the defendant; and he also proved that services were rendered in pursuance of the contract, to the full amount of the recovery. It did not appear that any partnership had been formed by the defendant with any other persons. He directed Maretzek to engage the artists for Ole Bull & Co.; Maretzek and Strakosch were to be of the company, but it was not shown that any partnership was entered into; on the contrary, the lease was obtained by the defendant, in his own name. The plaintiff was entitled to recover for the services of his wife. The judgment should be affirmed.

INGRAHAM, FIRST J.—The judgment is clearly erroneous. The action is by Avogadro and wife, and the plaintiffs' claim

(*a*) And see Sess. Laws of 1857, chap. 344, vol. 1, p. 717, § 34.—REP.

Avogadro *v.* Bull.

to recover $25 for the services of the wife, and $15 for the services of the husband.

Whether or not it was necessary to unite the plaintiff's wife with him in an action to recover for services of the wife during coverture, it is not necessary now to inquire; the plaintiffs have seen fit to bring the action in this form, and it is very clear that husband and wife, as plaintiffs, have no right to recover for the services of the husband. The justice has given a verdict for both claims, and I think he erred in so doing. But, as the point was not taken below, and the objection might have been obviated there by amendment, it is unavailable on appeal.

WOODRUFF, J.—Although the husband is entitled to the services of the wife, and therefore must in general sue alone for work and labor performed by her, still, where the contract for her services is made with her, and the defendant's engagement is express to pay her therefor, I think it is optional with the husband to sue in his own name, or to join her in the action and recover upon the agreement made with the wife herself.

But I concur with the first judge, that the plaintiff was not at liberty to join in such action a claim for his own services. As to them, there was no joint right of action.

But no such point was taken on the trial. The appellant insisted that the plaintiff could not recover for the services of the wife, but did not suggest that upon any such grounds as that stated by the first judge, the plaintiff should not recover for the services of the husband.

Whether the defendant made the contract jointly with others as his partners or not, was immaterial, under the issue made herein by the parties. If he wished to rely on the nonjoinder of the other partners as a defence, he should have set up the nonjoinder in his pleadings.

Judgment affirmed.